# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| SAMANTHA STARKEY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NORTHSTAR LOCATION SERVICES, LLC, <br><br> Defendant. | Case No.: 15-cv-853 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Samantha Starkey is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her debts allegedly incurred for personal, family or household purposes.

5. Defendant Northstar Location Services, LLC ("Northstar") is a foreign corporation with its principal place of business located at 4285 Genesee Street, Cheektowaga, New York 14225.

6. Northstar is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Northstar is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Northstar is a "debt collector" as defined in 15 U.S.C. § 1692a and § 427.103(3), Wis. Stats.

**FACTS**

8. On or about March 23, 2015, Northstar mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Discover Bank." A copy of this letter is attached as <u>Exhibit A</u>.

9. Upon information and belief, the alleged debt in <u>Exhibit A</u> was incurred for personal, family or household purposes, namely, cable television and/or internet service in Plaintiff's home.

10. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. <u>Exhibit A</u> lists a "BALANCE DUE" of $1,119.13.

12. <u>Exhibit A</u> also includes the following text:

> We have been authorized by our client, Discover Bank, to offer you an opportunity to settle your account or you may choose to make a monthly partial payment. The following options are available to you:
> - 1 payment of $458.84, which is 41% of the current balance due by 04/07/15.
> - 3 payments of $167.87, which is 45% of the current balance due by 04/07/15, 05/07/15, and 06/06/15.
> - Partial payment arrangement with a down payment of $111.85 or of the balance due by 04/02/15, and monthly payments thereafter of $83.94 for 12 months due by the 2nd of each month.
>
> Should you wish to take advantage of any of these options, your first payment must be received by no later than 04/07/15.

13. The language in the preceding paragraph is inherently confusing and misleading.

14. The "Partial payment arrangement" option states that the down payment is due by "04/02/15," but the next sentence states that, "in order to take advantage of *any* of these options, your first payment must be received by no later than 04/07/15." (emphasis added).

2

15. The unsophisticated consumer would be confused by the language in Exhibit A. A consumer choosing the payment plan option would not know whether the payment is actually due on April 2 or April 7, 2015, or whether interest would cease accruing on her account if a "down payment" was received by Northstar between April 2 or April 7, 2015.

16. The consequences of misleading a consumer with respect to settling a debt are significant. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Due to the continuing accrual of interest on the alleged credit card debt, however, it is possible that Northstar could continue to collect the remaining balance of the alleged debt and additional accrued interest.

17. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

18. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

19. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

20. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

21. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

22. The language in Exhibit A, is confusing to the unsophisticated consumer. It provides two different deadlines for the same payment.

23. Exhibit A renders unclear whether an increase in the balance would result in the consumer's account not actually being resolved if payment is made after April 2, 2015, but before April 7, 2015.

24. Northstar violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5) and 1692e(10).

**CLASS ALLEGATIONS**

25. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) to whom defendant Northstar sent a collection letter in the form of Exhibit A to the Complaint in this Action, (c) seeking to collect one or more debts incurred for personal, family or household services, (d) on or after July 14, 2014, (e) that was not returned by the postal service."

26. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

27. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

28. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

29. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

30. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**JURY DEMAND**

31. Plaintiff hereby demands a trial by jury.

4

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 14, 2015

**ADEMI & O'REILLY, LLP**

By: /s/ Denise L. Morris
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com